IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEREK SCHUMACHER,

               Plaintiff,                                      Case No. 6:21-cv-00489-MC

               v.                                       OPINION AND ORDER

J.R. SIMPLOT COMPANY, a Nevada
Corporation, dba Jacklin Seed,

               Defendant.

_____

**MCSHANE, Judge**:

Plaintiff Derek Schumacher suspected his employer, Defendant J.R. Simplot Company, was engaged in illegal activity. Plaintiff alleges that when he voiced these concerns to superiors and government agencies, Defendant retaliated against him, created intolerable working conditions, and caused him to suffer fear and anxiety. Plaintiff brings claims of constructive discharge, whistleblower retaliation, and workplace harassment. Pl.'s Second Am. Compl., ECF No. 7 ("SAC"). Defendant moves to dismiss Plaintiff's claims. Def.'s Mot., ECF No. 8. For the reasons discussed below, Defendant's Motion to Dismiss (ECF. No. 8) is GRANTED in part and DENIED in part.

## BACKGROUND[1]

Plaintiff worked for Defendant as a field consultant for about 22 years. SAC ¶ 5. In 2018 and 2019, Plaintiff suspected that Defendant was "intentionally violating rules, laws or being

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiffs' allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

dishonest" by "falsifying seed tests, intentionally mislabeling seed bags, falsifying product labels, and falsifying the contents of seed bags." *Id*. When Plaintiff raised his concerns to supervisors and government agencies, he alleges that Defendant retaliated against him by "labeling [him] a troublemaker," telling him through supervisors that "things were going to change" regarding his role at the company, and restricting his access to his company computer in an effort to "conceal Defendant's Unlawful Activity. . . ." *Id*. at ¶ 6–7, 9. Plaintiff further alleges that, while he did not participate in any illegal activity, he was "concerned he would . . . become caught up in whatever schemes or wrongdoing was going on." SAC ¶ 7. The unlawful activities and fear of further retaliation left Plaintiff "no choice but to end his employment." *Id*. at ¶ 6. Plaintiff resigned on February 1, 2019. *Id*.

On January 31, 2020, Plaintiff filed an "Employment Discrimination Questionnaire" ("questionnaire") with the Oregon Bureau of Labor and Industry ("BOLI"). Pl.'s Resp. Ex. 3, at 1, ECF No. 10. On January 12, 2021, BOLI notified Plaintiff by letter that his complaint had been dismissed by BOLI's Civil Rights Division because "the division did not find sufficient evidence to continue [its] investigation." Pl.'s Resp. Ex. 2, at 1. In the same letter, BOLI stated that Plaintiff had the right to sue "within 90 days of the mailing of this letter." Pl.'s Resp. Ex. 2, at 1. Plaintiff filed this suit on February 1, 2021 in Marion County, Oregon; it was removed to this Court on April 10, 2021. Notice Removal, ECF No. 1.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*,

556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### I. Constructive Discharge

Plaintiff asserts that the combination of retaliation by Defendant and the risk of participating in unlawful activity created intolerable working conditions, leading to his constructive discharge. SAC ¶ 6. When Plaintiff voiced concerns about Defendant's alleged unlawful activity, defendant restricted his access to information, his company computer, and the office. *Id.* at ¶ 10. Plaintiff also asserts that the response to his whistleblowing activity created working conditions that forced him to either "indirectly participate in the illegal activities or be terminated." *Id.* at ¶ 11. In short, Plaintiff alleges that "due to the working conditions and retaliation," he was forced to resign. *Id.* at 6. Defendant argues that Plaintiff's claim of constructive discharge fails because he is afforded adequate statutory remedies under Oregon's whistleblower retaliation statute. Def.'s Reply 2, ECF No. 11.

A plaintiff can bring a claim of constructive wrongful discharge against their employer if the working conditions were such that they essentially faced a "forced resignation." *Stupek v. Wyle Laboratories Corp.*, 963 P.2d 678, 681 (Or. 1998). To establish a claim of constructive discharge, a plaintiff must show that

> (1) the employer intentionally created or maintained specified working conditions;
> (2) those working conditions were so intolerable that a reasonable person in the
> employee's position would have resigned; (3) the employer desired to cause the
> employee to leave employment as a result of the working conditions or knew that the
> employee was certain, or substantially certain, to leave employment as a result of
> those working conditions; and (4) the employee did leave the employment as a result
> of those working conditions.

*McGanty v. Staudenraus*, 901 P.2d 841, 856 (Or. 1995).

"[C]ommon law wrongful discharge… may only be invoked when another claim does not provide a plaintiff with an adequate remedy." *Walker v. Oregon*, 778, 484 P.3d 1035, 1045 (Or. 2021). Or. Rev. Stat. § 659A.199 creates a statutory claim when an employer "retaliate[s] against an employee... [who] has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation." Or. Rev. Stat. § 659A.199. Because the common law wrongful discharge claim provides the same remedies as a statutory whistleblower retaliation claim, "[those] two claims cannot be pursued simultaneously when based upon the same conduct." *Luke v. Target Corp.*, 2018 WL 2144347, at *2 (D. Or. May 9, 2018).

However, Defendant's alleged retaliation against Plaintiff was not the *only* reason Plaintiff felt forced to resign. As noted, Plaintiff also stated that the alleged "cover up and denial of the unlawful activity and Plaintiff being forced to . . . continue to buy seed that he knew would be mislabeled and re-sold in violation of the law, were intolerable conditions" that partly led to his resignation. SAC at ¶ 15. Because Plaintiff does not rely only on Defendant's alleged retaliation in his constructive discharge claim, Plaintiff's constructive discharge claim and statutory whistleblower retaliation claim are not based on the *same* conduct. It is objectively reasonable for an employee to feel forced to resign because their employer is engaging in potentially illegal activity during their employment.

While Plaintiff cannot maintain a common law constructive discharge claim for retaliation, he can maintain a constructive discharge claim for the alleged unlawful activity that created intolerable

working conditions while he was employed by Defendant.

## II. Whistleblower Retaliation—ORS 659A.199 and ORS 659A.230

Defendant argues that Plaintiff's claims under ORS 659A.199 and 659A.230 are time barred. Def's Mot. 3.

Under Oregon statute, a whistleblower retaliation suit must be commenced "within one year after the occurrence of the unlawful employment practice unless a complaint has been timely filed under ORS 659A.820" with BOLI. Or. Rev. Stat. § 659A.875. An individual that has been retaliated against may file with BOLI a *verified written complaint* that states the name and address of the person alleged to have committed the unlawful practice. Or. Rev. Stat. § 659A.820. If the individual files a complaint with BOLI within one year of the alleged unlawful employment practice, "the statute of limitations tolls and the plaintiff must file a civil action within 90 days of BOLI mailing a right-to-sue letter to the plaintiff." *Spangler v. City of Monument*, 2017 WL 6723764 at *5 (D. Or. Dec. 21, 2017).

A "complaint" is a

> written, verified statement that (a) gives the name and address of the aggrieved person and the respondent; (b) identifies the protected class basis of the complaint; (c) is signed by the aggrieved person; describes the actions complained of, including: (A) the dates of the occurrence; (B) where the action was and how it harmed the aggrieved person; and (C) the causal connection between the aggrieved person's protected class and the alleged harm.

Or. Admin. R. 839-003-0005(5) (2021). A "'written, verified complaint' means a complaint that is in writing . . . and under oath or affirmation by the aggrieved person . . ." Or. Admin. R. 839-003-0005(17) (2021).

Plaintiff resigned on February 1, 2019. SAC ¶ 12. Plaintiff filed a questionnaire with BOLI on January 31, 2020, one day before the period to file an administrative complaint was to expire. Pl.'s Resp. Ex. 3, at 1–4. The questionnaire states in bold lettering that it is "not an official complaint." *Id.* at 1. There is no section in the questionnaire that asks the person to provide a date or signature, but Plaintiff did sign

the questionnaire on a hand-drawn signature line. *Id*. BOLI then sent a confirmation email to Plaintiff stating that they had received his "perfected complaint" on February 13, 2020. Pl.'s Resp. Ex. 1, at 1. On February 13, 2020, BOLI sent a letter to Defendant stating that the "enclosed complaint" was filed by Plaintiff on January 31, 2020, and that Defendant had 14 days to file a written response. Pl.'s Resp. Ex 5, at 1. On January 31, 2021, BOLI sent Plaintiff a letter that stated it dismissed his "complaint" and that he had 90 days from the day the letter was sent to file a civil suit. Pl.'s Resp. Ex. 2, at 1. Plaintiff then filed a civil suit against Defendant 19 days later. Pl.'s Resp. 2.

Defendant argues that because Plaintiff filed a legally insufficient questionnaire and not a written, verified complaint under oath or affirmation, he failed to toll the statute of limitations. Def.'s Mot. 3. Plaintiff argues that his claims are timely because the questionnaire was a legally sufficient complaint to toll the statute of limitations and he filed this suit within 90 days of receiving a right-to-sue letter from BOLI. Pl.'s Resp. 6–9.

The record indicates that the questionnaire acted as a complaint. The questionnaire comports with the statutory requirements of a complaint set out in Or. Rev. Stat. § 659A.820. The questionnaire gives the name and address of Plaintiff and Defendant, identifies the protected class basis of the complaint, is signed by Plaintiff, and describes in sufficient detail the actions complained of. BOLI called Plaintiff's questionnaire a "perfected complaint" in its correspondence with Plaintiff. Pl.'s Resp. Ex. 1, at 1. BOLI gave Defendant notice of Plaintiff's "complaint" and told Defendant it needed to respond within 14 days. Pl.'s Resp. Ex 5, at 1. Finally, BOLI notified Plaintiff that his "complaint" was dismissed and that he had 90 days from the receipt of that notice to file a civil suit. Pl.'s Resp. Ex. 2, at 1. Plaintiff's claim is not time barred. Although labeled a "questionnaire," the documented acted and was treated as a complaint.  When it walks like a duck and quacks like a duck, calling it a zebra does not change the fact that it's a duck.

### III. Hostile Work Environment & Workplace Harassment

Finally, Defendant argues both that Plaintiff's third claim of workplace harassment falls outside of the statute of limitations and fails to allege sufficient facts to prove workplace harassment. Def.'s Reply 2, ECF No. 11. Plaintiff states that he was "subjected to harassment, discrimination and other adverse employment actions" in violation of 42 USC §2000e. SAC ¶ 25. Plaintiff claims that he was engaged in protected activity when he purportedly blew the whistle on Defendant's unlawful activity, and that Defendant's retaliatory actions against him for engaging in that protected activity violated Title VII of the Civil Rights Act. *Id.*

Plaintiff cannot rely on Title VII for two reasons. First, Defendant's actions that purported to violate federal law, even if taken as true, were not unlawful employment practices under Title VII. Unlawful practices under Title VII include discrimination based on race, color, religion, sex, or national origin. *Univ. of Texas Sw. Med. Cntr. v. Nassar*, 133 U.S. 338, 359–60 (2013). Plaintiff has not alleged that Defendant engaged in employment discrimination as defined by Title VII. Second, Plaintiff did not engage in a "protected activity" under Title VII. An employee engages in a protected activity when they *oppose* employment discrimination or *participate* in a Title VII proceeding. *Brophy v. Day & Zimmerman Hawthorne Corp.*, 799 F. Supp. 2d 1185, 1199 (D Nv. 2013). Plaintiff has not stated that he blew the whistle on Defendant's unlawful employment discrimination, only that he blew the whistle on unlawful activity unrelated to Title VII.

Because Plaintiff has not pled that Defendant engaged in unlawful employment practices or that he engaged in a protected activity under Title VII, he has not stated a claim upon which relief can be granted. His Title VII claims are dismissed.

**IV. Fed. R. Civ. P. 12(e) Motion for a More Definite Statement**

In the alternative, Defendant asks this Court to order Plaintiff to make a more definite statement pursuant to Fed. R. Civ. P. 12(e). Def.'s Mot. 8. Defendant argues that Plaintiff's complaint "fails to identify the dates on which [Defendant's] alleged unlawful activity occurred." *Id*. The ambiguity about the relevant time frames, according to Defendant, leaves Defendant without enough information to determine whether its "first responsive pleading should be a motion to dismiss or an answer." *Id*. Plaintiff argues that his complaint "sets out some exact dates and some short date ranges" that are sufficient to support his claims. Pl.'s Resp. 15.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed R. Civ. P. 8. The complaint should allow parties and the court to determine "the injurious policy, the responsible defendant and the specific injury suffered by a plaintiff." *Sheffield v. Orious Corp.*, 211 F.R.D. 411, 414–415 (D. Or. 2002).

"The complaint should set forth approximate dates on which the alleged events occurred. Without this information, a defendant is unable to determine to what extent an affirmative defense shall be filled." *Id*. at 415. "Even if a defendant knows which claims apply . . . the filing of an appropriate responsive pleading is hampered by the absence of vital knowledge of applicable time periods." *Buchholtz v. Renard*, 188 F. Supp. 888, 892 (S.D. NY 1960). Thus, in certain circumstances, a plaintiff can be required to "give particulars about the date[s] on which the claim[s] arose, so that the timeliness of an action can be determined." *Haywood v. Bedatsky*, 2006 WL 8441104 at *2 (D. Ariz.).

Plaintiff's complaint references only two specific date ranges. Plaintiff stated that "after January 25, 2019" he was left out of production meetings. SAC ¶ 7. Plaintiff also claims that "On January 1, 2019," his supervisor retired and "after [the retirement] was announced" he was told that "things were going to change" for him. *Id*.

Any other date ranges referenced by Plaintiff in his complaint are as broad as they are vague. Plaintiff claims that "in late 2018 and 2019" he blew the whistle on illegal activity and Defendant retaliated against him for doing so. SAC ¶ 5. These events could have taken place at any point over the course of several months. Defendant and this Court are both left to guess as to when these activities took place.

Plaintiff's complaint makes additional allegations to support his claims that omit reference to a date or date range entirely. Plaintiff states that he was "not given the alarm code" to the office and was "physically locked out" but fails to state when this occurred. *Id*. Plaintiff further states that he "had his computer taken away" but omits any reference to when this occurred. *Id*. Plaintiff stated in his BOLI questionnaire that his supervisor "removed his computer" from his office in September of 2016. Pl.'s Resp. Ex. 3, at 3. Is Plaintiff referencing the same event in his second amended complaint? Or is he referencing another event when his computer was taken away? Once again, Defendant and this Court are left to guess as to when these activities took place.

Plaintiff's second amended complaint lacks sufficient information concerning the dates for Defendant to file an appropriate responsive pleading. A more definite statement about when the events that attend Plaintiff's claims took place is necessary.

## **CONCLUSION**

Defendant's Motion to Dismiss, ECF No. 8, is GRANTED in part and DENIED in part, consistent with this opinion. Within thirty days of this order, Plaintiff must file an amended complaint that addresses the ambiguities described above.

IT IS SO ORDERED.

DATED this 13th day of August, 2021.


_____/s Michael McShane_____
Michael J. McShane
United States District Judge

10 – OPINION AND ORDER